UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-against-

FRANCISLEY VALDEVINO DA SILVA,
RAMON ANTONIO PEREZ ARIAS, JUAN
ANTONIO TACURI FAJARDO, AND JOSE
RAMIRO CORONADO REYES,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/22/2023
```

22 Civ. 10534 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On February 14, 2023, the Government filed a motion to intervene in this action pursuant to Federal Rule of Civil Procedure 24 and stay the matter in its entirety until the conclusion of the case *United States v. Francisley da Silva*, 22 Cr. 622, which is also before the undersigned. ECF No. 30. Counsel for Defendants Ramon Antonio Perez Arias, Juan Antonio Tacuri Fajardo, and Jose Ramiro Coronado Reyes "have advised the Government that they consent to the Government's motion to intervene and for a complete stay of" this action. ECF No. 31 at 2.[1] Plaintiff, the Securities and Exchange Commission (the "SEC"), "takes no position on the Government's motion." *Id.*; *see also* ECF No. 32 at 1. The SEC request that the Court "permit it to continue to attempt to serve Defendants . . . Da Silva . . . and Tacuri Fajardo . . . during the pendency of any stay." ECF No. 32 at 1. The Government does not object to the SEC's request. *Id.*

    Under Federal Rule of Civil Procedure 24, "a party may intervene in a civil action either as a matter of right or on a permissive basis." *SEC v. Shkreli*, No. 15 Civ. 7175, 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016). Intervention as of right is appropriate where the movant

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Permissive intervention under Rule 24(b) allows a court to permit anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is discretionary with the trial court. *Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A.*, No. 11 Civ. 1529, 2016 WL 845333, at *2 (S.D.N.Y. Mar. 2, 2016).

---

[1] Defendant Francisley Valdevino da Silva "is currently in custody in Brazil based on his involvement in the criminal conduct described [in the Government's motion], and has not yet been served with the complaint" in this action. ECF No. 31 at 2.

The Court concludes that intervention is appropriate under Rule 24(a)(2), or, alternatively, under Rule 24(b).  The SEC complaint was filed on December 14, 2022, ECF No. 1, and the Government moved to intervene in a timely manner, about two months later, ECF No. 30.  The Government has a "discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter."  *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (per curiam).  In addition, because the Government's interest in this action is different from the SEC's, the Government's interest in this matter cannot be protected adequately by the existing parties in this case.  *SEC v. Downe*, No. 92 Civ. 4092, 1993 WL 22126, at *12 (S.D.N.Y. Jan. 26, 1993).  Lastly, there is significant factual and legal overlap between the SEC complaint and the indictment in the criminal action, which weighs in favor of the Government's application to intervene.  For the same reasons, the Court determines that a stay of the action until the completion of the parallel criminal case is also warranted.  *Shkreli*, 2016 WL 1122029, at *7 (collecting cases).

Accordingly, the Government's motion to intervene is GRANTED, and the action is STAYED until further order of the Court.  In addition, the SEC's request that it be allowed to continue to attempt to serve Defendants Da Silva and Tacuri Fajardo is GRANTED.  Within fourteen days of the criminal case's disposition, the parties shall file a joint status letter in this matter.

The Clerk of Court is directed to terminate the motion at ECF No. 30.

SO ORDERED.

Dated: February 22, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge