USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

FRANCISLEY VALDEVINO DA SILVA, RAMON ANTONIO PEREZ ARIAS, JUAN ANTONIO TACURI FAJARDO, AND JOSE RAMIRO CORONADO REYES,

Defendants.

22 Civ. 10534 (AT)

**ORDER REQUESTING PRO BONO COUNSEL**

ANALISA TORRES, District Judge:

The Court has reviewed Defendant Juan Tacuri's renewed motion for appointment of counsel. *See* ECF No. 50. The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for Defendant Juan Tacuri for the purpose of settlement. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

I. Background

This case is a Securities and Exchange Commission ("SEC") enforcement action brought against four defendants in connection with a cryptocurrency pyramid scheme known as Forcount Trader Systems, Inc. *See* Compl. ¶ 1, ECF No. 1. Brazilian national Francisley Da Silva led the scheme with the assistance of three U.S.-based "promotors," including Tacuri. *Id.*

In February 2023, the Court granted the Government's motion to intervene in this action and stay the action until the conclusion of parallel criminal proceedings against the defendants, including Tacuri. *See* ECF No. 34; 22 Cr. 622, *United States v. Da Silva*. On June 5, 2024, Tacuri pleaded guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and on October 15, 2024, this Court sentenced him to 20 years' imprisonment. *See* 6/5/2024 Minute Entry in 22 Cr. 622; Judgment at 2, ECF No. 120 in 22 Cr. 622.[1]

In a status update dated June 15, 2026, the SEC reported that it is attempting to negotiate settlement with the three U.S.-based defendants, including Tacuri. *See* ECF No. 45. On July 10, the Court continued the stay of discovery and all other deadlines pending further order of this Court. *See* ECF No. 46. However, this stay does not preclude settlement. *See, e.g.*, ECF No. 44 (the Government's statement that there is no need to stay any potential resolutions of this matter).

[1] On May 14, 2026, the United States Court of Appeals for the Second Circuit affirmed this Court's judgment against Tacuri. *See United States v. Juan Tacuri*, No. 24-2889-Cr (2d. Cir. May 14, 2026).

## II. Legal Standard for Appointment of Counsel

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61–62. The litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The Court must then consider whether the litigant's claim "seems likely to be of substance." *Id.* at 60–61. The Court next considers such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## III. Discussion

The Court finds that given the circumstances of this case, the appointment of pro bono counsel is warranted. The Court has reviewed Tacuri's *in forma pauperis* application and finds that Tacuri qualifies as indigent. *See* ECF No. 49. In addition, Tacuri is incarcerated and speaks limited English, *see* ECF No. 50, constraining his ability to represent himself in ongoing settlement discussions with the SEC. *See also* ECF No. 45 ("Due to their ongoing incarceration, the SEC has been unable to confer with *pro se* Defendants."). The Court finds that under these circumstances, "appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 61. And because of the stay in this case, *see* ECF No. 46, any pro bono appointment would be limited in scope. Therefore, the Court grants Tacuri's request for pro bono counsel for the purpose of settlement.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Tacuri's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Tacuri's representation beyond the matters described in this order. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Tacuri will end upon completion of a settlement resolution and will not extend to discovery should the stay of discovery be lifted.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Tacuri in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Tacuri or to the Court in this matter.

## IV. Conclusion

For the foregoing reasons, Defendant Juan Tacuri's applications for the court to request counsel and to proceed *in forma pauperis* are GRANTED. The Court advises Tacuri that the process for securing pro bono representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the defendant to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney; the process can be aided by Tacuri's prompt response to any outreach. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Tacuri should be prepared to proceed with the case *pro se*. The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

The Clerk of Court is respectfully directed terminate the motion at ECF No. 50 and mail a copy of this order to Juan Tacuri *pro se*.

Juan Tacuri
Register No. 36063-510
FCI Coleman Low
Federal Correctional Institution
P.O. Box 1031
Coleman, FL 33521

SO ORDERED.

Dated: August 19, 2026
New York, New York

ANALISA TORRES
United States District Judge